LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

OMAR ANDREW,
RODRIGO VASQUEZ and
WASHINGTON CALLE
*on behalf of themselves, FLSA Collective Plaintiffs and the Class,*

        Plaintiffs,

v.

64 FULTON ST. FOOD CORP.
   d/b/a   SEAPORT DELI

        Defendant.

Case No:

**CLASS AND COLLECTIVE ACTION COMPLAINT**

Jury Trial Demanded

---

      Plaintiffs OMAR ANDREW, RODRIGO VASQUEZ, and WASHINGTON CALLE ("Plaintiffs"), on behalf of themselves and others similarly situated, by and through their undersigned attorneys, hereby file this Class and Collective Action Complaint against Defendants, 64 FULTON ST. FOOD CORP. d/b/a SEAPORT DELI. ("Defendant"), and state as follows:

## INTRODUCTION

    1.    Plaintiffs allege, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), that they and others similarly situated are entitled to recover from

Defendants: (1) unpaid wages, (2) unpaid overtime, (3) compensation for off the clock work, (4) liquidated damages, and (5) attorneys' fees and costs.

2. Plaintiffs further allege, pursuant to the New York Labor Law ("NYLL"), that they and others similarly situated are entitled to recover from Defendants: (1) unpaid wages, including overtime compensation for off-the-clock work, (2) unpaid spread of hours premium, (3) statutory penalties, (4) liquidated damages, and (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391.

## PARTIES

5. Plaintiff ANDREW is a resident of Hudson County of New Jersey.

6. Plaintiff VASQUEZ is a resident of Kings County of New York.

7. Plaintiff CALLE is a resident of Westchester County of New York.

8. Corporate Defendant 64 FULTON ST. FOOD CORP. d/b/a SEAPORT DELI is a domestic business corporation organized under the laws of the State of New York with a principal place of business and an address for service of process located at 64 Fulton Street New York, NY 10038.

9. At all relevant times, Defendant was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA, NYLL and regulations thereunder.

10. At all relevant times, the work performed by Plaintiffs, FLSA Collective Plaintiffs and Class Members was directly essential to the business operated by Defendants.

2

## FLSA COLLECTIVE ACTION ALLEGATIONS

11. Plaintiffs brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all current and former non-exempt employees, including but not limited to deli-man, counterman, food preparers, cashiers, counter persons, and cleaning persons employed by Defendants on or after the date that is six (6) years before the filing of the Complaint ("FLSA Collective Plaintiffs").

12. At all relevant times, Plaintiffs and FLSA Collective Plaintiffs have been and are similarly situated, have had substantially similar job requirements and pay provisions, and have been and continue to be subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules—all of which have culminated in a willful failure and refusal to pay Plaintiffs and FLSA Collective Plaintiffs for all hours worked, including overtime premium at one-and-one half times their base hourly rates for each hour worked in excess of forty (40) per workweek. Plaintiffs' claims stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

13. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

14. Plaintiffs bring claims for relief pursuant to the Federal Rule of Civil Procedure ("F.R.C.P.") 23, on behalf of all current and former non-exempt employees, including but not

limited to deli-man, counterman, food preparers, cashiers, counter persons, and cleaning persons employed by Defendants on or after the date that is six (6) years before the filing of the Complaint (the "Class" or "Class Members").

15. The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class Member may also be determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

16. The proposed Class is so numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

17. Plaintiffs' claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subjected to the same corporate practices of Defendants, including (i) mandating unpaid off-the-clock work, (ii) failing to pay overtime premium, (iii) failing to pay spread of hours, (iv) failing to provide wage statements in compliance with the New York Labor Law, (v) failing to provide proper notice and opt-in structure to the meal credit charges, and (vi) failing to provide wage and hour notices upon hiring and as required thereafter, pursuant to the New York Labor Law. Defendant's corporate-wide policies and practices affected all Class members similarly, and Defendant benefited from the

same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices and procedures by Defendant.

18.     Plaintiffs are able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation as well as employment litigation and have previously represented plaintiffs in wage and hour cases.

19.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy—particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries, and damages suffered by each of the individual Class Members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class Members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class

members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

20. Defendant and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

21. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

   a) Whether Defendant employed Plaintiffs and the Class members within the meaning of the New York law;

   b) What were and are the policies, practices, programs, procedures, protocols and plans of Defendant regarding the types of work and labor for which Defendant did not pay Plaintiffs and the Class members properly;

   c) At what common rate, or rates subject to common methods of calculation, was and are Defendant required to pay Plaintiffs and the Class members for their work;

   d) Whether Defendant properly notified Plaintiffs and the Class members of their hourly rate and overtime rate;

e) Whether Defendant required Plaintiffs and the Class members to perform unpaid off-the-clock work;

f) Whether Defendant paid Plaintiffs and the Class members the overtime premium at one-and-one-half times their straight time base hourly rates for all hours worked in excess of forty (40) each workweek;

g) Whether Defendant paid the "spread of hours" premium owed to Plaintiffs and the Class members working more than ten hours per day as required by New York Labor Law;

h) Whether Defendant provided to Plaintiffs and the Class members proper wage and hour notices at date of hiring, as required under the New York Labor Law;

i) Whether Defendant provided proper wage statements informing the Plaintiffs and the Class members of their proper overtime rate of compensation and other information required to be provided on wage statements, as required under the New York Labor Law; and

j) Whether Defendant provided to Plaintiffs and the Class members proper wage statements with each payment of wages, as required under the New York Labor Law.

## STATEMENT OF FACTS

22. Plaintiff OMAR ANDREW ("Plaintiff ANDREW"):

(a). In or around December 2019, Plaintiff ANDREW was hired by Defendants to work as a deli-man for Defendant's Seaport Deli located at 64 Fulton Street, New York, NY 10038. Plaintiff's employment with Defendants terminated in or around June 2020.

(b). From the beginning of his employment through February 2020, Plaintiff worked six (6) days per week from 5:00 p.m. to 9:00 p.m. for four (4) hours per day, for a total of twenty-four (24) hours each week. From March 2020 through the end of his employment, Plaintiff worked six (6) days per week from 6:00 a.m. to 3:00 p.m. for nine (9) hours per day for a total of fifty-four (54) hours each week. Plaintiff was paid at a straight time rate of $15.00 per hour. During Plaintiff OMAR ANDREW's employment with Defendants, FLSA Collective Plaintiffs and Class members worked similar hours.

(c). Throughout Plaintiff ANDREW's employment with Defendant, he was not compensated overtime premium for all his hours worked in excess of forty (40) hours each week. Form March 2020, Plaintiff regularly worked fifty-four (54) hours per week, he was paid at a straight time rate of $15.00 per hour for all hours worked. Plaintiff has therefore not been properly compensated by Defendants at the overtime premium rate of one and a half times his regularly hourly rate for all hours in excess of forty (40) hours each week.

(d). In addition, on or about three (3) or four (4) days per week, Plaintiff ANDREW was required by Defendant to stay three (3) to four (4) hours past his scheduled shift because the staff scheduled for the next shift would always be late to work. Plaintiff was paid at a straight time rate of $15.00 per hour.

(e). On about four (4) days per week, Plaintiff had to stay about twenty (20) to thirty (30) minutes past his scheduled shift because the deli was too busy. Therefore, Plaintiff ANDREW routinely performed off-the-clock work for one (1) or two (2) hours each week, which were entirely uncompensated. Due to Defendant's time shaving policies, Plaintiff did not receive his proper regular compensation, overtime compensation and spread hours premium for all his off-the-clock works.

23. Plaintiff RODRIGO VASQUEZ ("Plaintiff VASQUEZ"):

(a). On or around April 7, 2020, Plaintiff VASQUEZ was hired by Defendant to work as a deli-man for Defendant's Seaport Deli located at 64 Fulton Street, New York, NY 10038. Plaintiff's employment with Defendant terminated on or around August 4, 2020.

(b). Throughout his employment with Defendant, Plaintiff VASQUEZ worked six (6) days per week from 3:00 p.m. to 12:00 a.m. for nine (9) hours per day for a total of fifty-four (54) hours each week. Plaintiff was paid at a straight time rate of $15.00 per hour. During Plaintiff VASQUEZ's employment with Defendants, FLSA Collective Plaintiffs and Class members worked similar hours.

(c). Throughout Plaintiff VASQUEZ's employment with Defendant, he was not compensated overtime premium for all his hours worked in excess of forty (40) hours each week. Plaintiff regularly worked fifty-four (54) hours per week, he was paid at a straight time rate of $15.00 per hour for all hours worked. Plaintiff has therefore not been properly compensated by Defendants at the overtime premium rate of one and a half times his regularly hourly rate for all hours in excess of forty (40) hours each week.

(d). In addition, from April 2020 to July 2020, Plaintiff VASQUEZ was instructed by Defendant to stay an extra shift once per week from 12:00 am to 6:00 am for nine (9) hours a day, because the deli was too busy. As a result, Plaintiff worked sixty-three (63) hours each week from April 2020 to July 2020 and was paid at a straight time rate of $15.00 per hour for all hours worked.

(e). On about four (4) days per week, Plaintiff had to stay about twenty (20) to thirty (30) minutes past his scheduled shift because the deli was too busy. Therefore, Plaintiff ANDREW routinely performed off-the-clock work for one (1) or two (2) hours each week, which were

entirely uncompensated. Due to Defendant's time shaving policies, Plaintiff did not receive his proper regular compensation, overtime compensation and spread hours premium for all his off-the-clock works.

24. Plaintiff WASHINGTON CALLE ("Plaintiff CALLE"):

(a). In or around June 2016, Plaintiff CALLE was hired by Defendant to work as a counterman for Defendant's Seaport Deli located at 64 Fulton Street, New York, NY 10038. Plaintiff's employment with Defendant terminated in or around December 2019.

(b). Throughout his employment with Defendant, Plaintiff CALLE worked six (6) days per week from 6:00 p.m. to 6:00 a.m. for twelve (12) hours per day for a total of seventy-two (72) hours each week. During Plaintiff VASQUEZ's employment with Defendants, FLSA Collective Plaintiffs and Class members worked similar hours.

(c). When Plaintiff just started working, he was paid at a straight time rate of $13.00 per hour. In or around January 2018, his rate was increased to $14.50 per hour.

(d). Throughout Plaintiff CALLE's employment with Defendant, he was not compensated overtime premium for all his hours worked in excess of forty (40) hours each week. Plaintiff regularly worked seventy-two (72) hours per week, he was paid at a straight time rate for all hours worked. Plaintiff has therefore not been properly compensated by Defendants at the overtime premium rate of one and a half times his regularly hourly rate for all hours in excess of forty (40) hours each week.

(e). In addition, Plaintiff frequently had to stay about thirty (30) minutes to sixty (60) minutes past his scheduled shift because the deli was too busy. Therefore, Plaintiff CALLE routinely performed off-the-clock work for around three (3) to six (6) hours each week, which were entirely uncompensated. Due to Defendant's time shaving policies, Plaintiff did not receive

his proper regular compensation, overtime compensation and spread hours premium for all his off-the-clock works.

25. Defendants never provided Plaintiffs with wage notices, as required by the NYLL. Similarly, FLSA Collective Plaintiffs and Class Members were never provided with any wage notices.

26. Defendants did not provide Plaintiffs with proper wage statements at all relevant times. Similarly, the Class members also did not receive proper wage statements, in violation of the NYLL.

27. Plaintiffs, FLSA Collective Plaintiffs, and the Class members had workdays that regularly exceeded ten (10) hours in length. However, Defendants routinely failed to pay them spread of hours premiums due under the NYLL.

28. Plaintiffs, FLSA Collective Plaintiffs, and the Class members were required by Defendants to perform unpaid off-the-clock work, resulting in unpaid wages and overtime premium.

29. At no time during the relevant time periods did Defendants provide Plaintiffs or the Class members with wage notices or proper wage statements as required by NYLL.

30. On or around January 20, 2020, Plaintiffs retained Lee Litigation Group, PLLC to represent Plaintiffs, FLSA Collective Plaintiffs, and Class members, in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

### ON BEHALF OF PLAINTIFFS AND FLSA COLLECTIVE PLAINTIFFS

31. Plaintiffs reallege and reaver Paragraphs 1 through 30 of this class and collective action Complaint as if fully set forth herein.

32. At all relevant times, Defendant was and continue to be employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiffs and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

33. At all relevant times, Defendant employed Plaintiffs and FLSA Collective Plaintiffs within the meaning of the FLSA.

34. At all relevant times, each Corporate Defendant had gross annual revenues in excess of $500,000.00.

35. At all relevant times, Defendant had a policy and practice of failing to pay wages for all hours worked.

36. At all relevant times, Defendant willfully violated Plaintiffs' and FLSA Collective Plaintiffs' rights by failing to pay them wages in the lawful amount for all hours worked, including those in excess of forty (40) hours worked each week, due to time-shaving.

37. Records, if any exist, concerning the number of hours worked by Plaintiffs and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiffs and FLSA Collective Plaintiffs are in the possession and custody of the Defendants. Plaintiffs intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary,

Plaintiffs will then seek leave of Court to amend this Complaint to set forth the precise amount due.

38. Defendant failed to properly disclose or apprise Plaintiffs and FLSA Collective Plaintiffs of their rights under the FLSA.

39. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiffs and FLSA Collective Plaintiffs are entitled to liquidated (*i.e.*, double) damages pursuant to the FLSA.

40. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiffs and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid overtime premium, and an equal amount as liquidated damages.

41. Plaintiffs and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to the FLSA.

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW

## ON BEHALF OF PLAINTIFFS AND CLASS MEMBERS

42. Plaintiffs reallege and reaver Paragraphs 1 through 41 of this class and collective action Complaint as if fully set forth herein.

43. At all relevant times, Plaintiffs and the Class members were employed by the Defendant within the meaning of the New York Labor Law §§ 2 and 651.

44. At all relevant times, Defendant had a policy and practice of refusing to pay Plaintiffs and the Class Members for all hours worked, including at the statutory rate of time and one-half the regular rate for overtime hours worked, due to Defendants' policy of time-shaving.

45. In addition, Defendant willfully violated Plaintiffs and the Class members' rights

by failing to pay them spread of hours premiums required by state law.

46. Defendant willfully violated Plaintiffs and the Class members' rights by refusing to compensate them for off-the-clock hours during which they were required to work.

47. Defendant failed to properly notify employees of their hourly pay rate and overtime rate, in direct violation of the New York Labor Law.

48. Defendant failed to provide a proper wage and hour notice, on the date of hiring and annually, to all non-exempt employees, in direct violation of the New York Labor Law.

49. Defendant failed to provide proper wage statements with every payment issued to Plaintiff and the Class members, as required by New York Labor Law § 195(3).

50. Due to Defendant's New York Labor Law violations, Plaintiffs and the Class members are entitled to recover from Defendant their unpaid overtime premium, unpaid spread of hours premium, compensation for unpaid off-the-clock hours worked, damages for unreasonably delayed payments, reasonable attorneys' fees, liquidated damages, statutory penalties, and costs and disbursements of this action.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves, FLSA Collective Plaintiffs, and Class Members, respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and NYLL;

b. An injunction against Defendant and his officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

c. An award of unpaid wages, including overtime compensation, due to Defendant's policy of requiring off-the-clock work under the FLSA and NYLL;

d. An award of unpaid spread of hours premium due under the NYLL;

e. An award of statutory penalties as a result of Defendant's failure to comply with wage notice and wage statement requirements under the NYLL;

f. An award of liquidated damages as a result of Defendant's willful failure to pay overtime wages for off-the-clock work, pursuant to the FLSA or NYLL;

g. An award of pre-judgment and post-judgment interest, costs, and expenses of this action, together with reasonable attorneys' and expert fees;

h. Designation of Plaintiffs as Representatives of the FLSA Collective Plaintiffs;

i. Designation of this action as a class action pursuant to F.R.C.P. 23;

j. Designation of Plaintiffs as Representative of the Class; and

k. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury on all issues so triable as of right by jury.

Dated: February 10, 2021           Respectfully submitted,

                                   LEE LITIGATION GROUP, PLLC

                          By:      /s/ C.K. Lee

                                   C.K. Lee (CL 4086)
                                   Anne Seelig (AS 3976)
                                   148 West 24th Street, 8th Floor
                                   New York, NY 10011
                                   Tel.: 212-465-1188
                                   Fax: 212-465-1181

*Attorneys for Plaintiffs, FLSA Collective Plaintiffs and the Class*